[Cite as *BAC Home Loans Servicing, L.P. v. Booth*, 2012-Ohio-487.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BAC HOME LOANS SERVICING, L.P. FKA COUNTRYWIDE HOME LOANS SERVICING, L.P. | JUDGES: Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. Hon. John W. Wise, J. |
| Plaintiff-Appellant | Case No. 2011CA00161 |
| -vs- | |
| CARL B. BOOTH, ET AL. | O P I N I O N |
| Defendant-Appellees | |

CHARACTER OF PROCEEDING: Appeal from the Stark County Common Pleas Court, Case No. 2010CV03436

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: February 6, 2012

APPEARANCES:

For Plaintiff-Appellant

ELIZABETH S. FULLER
Designated as Primary Counsel
Lerner, Sampson & Rothfuss
120 East Fourth Street, 8th Floor
Cincinnati, Ohio 45202

For Defendant-Appellees

DAVID L. DINGWELL
Tzangas, Plakas, Mannos & Raies, LTD
220 Market Avenue South
Eighth floor
Canton, Ohio 44702

*Hoffman, J.*

**(¶1)**  Plaintiff-appellant BAC Home Loans Servicing L.P., fka Countrywide Home Loans Servicing L.P., appeals the June 22, 2011 Order entered by the Stark County Court of Common Pleas in favor of Defendants-appellees Carl B. Booth and Cynthia L. Booth.

STATEMENT OF FACTS AND THE CASE

**(¶2)**  Appellees Carl and Cynthia Booth executed a promissory note in the amount of $69,750.00 in favor of America's Wholesale Lender to secure property at 9341 Oak Avenue S.E., East Sparta, Ohio.  To secure the borrowed sum, Appellees granted a first mortgage to Mortgage Electronic Registration Systems, Inc, as nominee for America's Wholesale Lender.  The loan was later acquired by Appellant Countrywide Home Loans Servicing, L.P., nka BAC Home Loans Servicing, L.P.

**(¶3)**  Appellees defaulted on the mortgage, and Appellant accelerated the amount due on the note.  Appellant then filed a foreclosure action on September 20, 2010, and Appellees filed an answer on October 8, 2010.  The trial court scheduled the matter for mediation. Appellant failed to send a representative at the appointed time, and did not make a representative available by phone as agreed upon.  The trial court then mandated a dispositive motion deadline of April 28, 2011, and scheduled a non-jury trial for June 13, 2011.  The assignment notice was sent via facsimile to Appellant's counsel.

**(¶4)**  On June 13, 2011, Appellant's counsel moved the trial court for a continuance of the scheduled trial date, which the trial court denied.

(¶5) On June 13, 2011, Appellees' counsel moved the trial court to dismiss the complaint with prejudice.

(¶6) On June 22, 2011, the trial court ordered dismissal of the complaint with prejudice. The same day, June 22, 2011, Appellant filed a notice of dismissal with the trial court voluntarily dismissing the case without prejudice. The trial court's order of dismissal is filed prior to Appellant's notice of dismissal in the trial court docket.

(¶7) On July 21, 2011, Appellant moved the trial court to vacate the dismissal with prejudice pursuant to Civil Rule 60(B).

(¶8) Prior to the trial court's ruling on Appellant's 60(B) motion, Appellant filed a notice of appeal with this Court, assigning as error:

(¶9) "I. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT WITH PREJUDICE BECAUSE APPELLANT DID NOT RECEIVE SUFFICIENT NOTICE OF THE TRIAL COURT'S INTENTION TO DISMISS THE CASE WITH PREJUDICE.

(¶10) "II. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT WITH PREJUDICE BECAUSE APPELLANT'S CONDUCT DID NOT NECESSITATE SUCH A HARSH SANCTION.

(¶11) "III. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT WITH PREJUDICE BECAUSE APPELLANT WAS WITHIN ITS RIGHTS TO VOLUNTARILY DISMISS ITS COMPLAINT WITHOUT PREJUDICE SINCE THE JUNE 13, 2011 TRIAL NEVER COMMENCED.

(¶12) "IV. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT WITH PREJUDICE BECAUSE THE DISMISSAL UNJUSTLY ENRICHED

APPELLEES WHO WERE PREVIOUSLY DISCHARGED OF THE UNDERLYING DEBT IN A CHAPTER 7 BANKRUPTCY."

I, II, and III.

**(¶13)** Appellant's first, second and third assignments of error raise common and interrelated issues; therefore we will address the arguments together.

**(¶14)** The standard of review of an involuntary dismissal issued by the trial court with prejudice is an abuse of discretion. *Nelson v. Alpha Enterprises, Inc.*, 2003-Ohio-5422. Civil Rule 41(B) states,

**(¶15)** "(B) Involuntary dismissal: effect thereof

**(¶16)** "*(1) Failure to prosecute.* Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

**(¶17)** "*(2) Dismissal; non-jury action.* After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of fact may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Civ. R. 52 if requested to do so by any party.

**(¶18)** "*(3) Adjudication on the merits; exception.* A dismissal under division (B) of this rule and any dismissal not provided for in this rule, except as provided in division

(B)(4) of this rule, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."

(¶19) Appellant argues the trial court did not afford them notice of the trial court's intent to dismiss the case with prejudice, and Appellant was unable to appear at the scheduled trial on June 13, 2011.

(¶20) Upon review of the record, the March 24, 2011 Report of Mediation indicates the case should be returned to the docket due to the failure of Appellant to be available at mediation either in person or by phone as previously agreed upon. Further, Appellant moved the trial court for a continuance of the trial date asserting:

(¶21) "Bank of America and BAC Home Loans Servicing, LP (together "BAC") has established a process to insure that reasonable efforts to avoid foreclosure sale/judgment have been exhausted before proceeding to sale/judgment. These efforts have not yet been completed in connection with this loan and plaintiff therefore requests that the trial be postponed for 120 days to allow these efforts to conclude. Plaintiff notes that the case is under the 1 year guideline as same was filed September of 2010."

(¶22) The June 13, 2011 transcript of the proceedings before the trial court indicates the trial court called the matter for trial and Appellees were present in the courtroom with counsel. The trial court reviewed the record and Appellees' counsel made a brief statement as to the proceedings to date and Appellant's failure to prosecute and act in good faith. The trial court overruled Appellant's motion for a continuance, and dismissed Appellant's complaint because counsel for Appellant failed to appear for the scheduled trial.

**(¶23)** Appellant received notice the case had been set for trial, effectively putting them on notice if they failed to appear for trial, the case may be dismissed for lack of prosecution. The record reflects Appellant had notice of the trial date, and throughout the proceedings had failed to actively participate. We find the trial court did not abuse its discretion in dismissing Appellant's complaint with prejudice due to Appellant's failure to appear at the scheduled trial. We find failure to appear for a scheduled trial different from case law addressing dismissals for want of prosecution for failing to abide by interlocutory court orders or discovery related disputes.

**(¶24)** Our review of the trial court docket indicates the trial court's order of dismissal was filed prior to Appellant's notice of voluntary dismissal without prejudice in the record.

**(¶25)** The first, second and third assignments of error are overruled.

IV.

**(¶26)** Appellant's fourth assignment of error asserts Appellees were unjustly enriched by the trial court's judgment as the underlying debt was previously discharged in a Chapter 7 bankruptcy.

**(¶27)** Appellant's complaint states at Count I:

**(¶28)** "Plaintiff further says that the defendants, Carl B. Booth and Cynthia L. Booth, are immune from personal liability on said note by virtue of Bankruptcy Case No. 08-64367, United States Bankruptcy Court, Northern District of Ohio, Eastern Division."

**(¶29)** We find Appellant's complaint does not set forth a claim for unjust enrichment.

**(¶30)** Upon review of the record, while the trial court's dismissal of Appellant's complaint with prejudice may well appear to present a windfall for Appellees, Appellant's failure to appear at trial cannot be circumvented by now claiming unjust enrichment. Appellant's own actions lead to the trial court's dismissal of the complaint with prejudice, and Appellant was the architect of that outcome.

**(¶31)** Appellant's fourth assignment of error is overruled.

**(¶32)** The June 22, 2011 Order of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise _____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


BAC HOME LOANS SERVICING, L.P.          :
FKA COUNTRYWIDE HOME LOANS              :
SERVICING, L.P.                         :
                                        :
    Plaintiff-Appellant               :
                                        :
-vs-                                    :          JUDGMENT ENTRY
                                        :
CARL B. BOOTH, ET AL.                   :
                                        :
    Defendant-Appellees               :          Case No. 2011CA00161


    For the reasons stated in our accompanying Opinion, the June 22, 2011 Order of

the Stark County Court of Common Pleas is affirmed.  Costs to Appellant.



s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE